## Clark *versus* Johnson *et al.*

A. brought assumpsit against J. and O., trading as H. O. & Co., on a
promissory note executed in the name of the firm for merchandise bought
of plaintiff. The defendants were dealing in drugs, paints, oils, glass, &c., at
retail; but sometimes they sold at wholesale. The consideration for the
note were four barrels of cologne spirits bought by O., who was the acting
partner, in the name of the firm. It appeared that the purchase of such
spirits was within the general scope of the business. O. was engaged in
business in another place in the same town, under the firm name of E. D.
& Co., to which one of the barrels was sent, and no entry made on the books
of defendants. The court to whom the case was referred, without a jury,
found as a conclusion of law that the shipment of this one barrel to E. D. &
Co., of which J. was not a member and had no knowledge, created no valid
claim against the defendants. *Held*, that this was error.

June 3d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON,
PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Warren county:* Of
May Term 1879, No. 196.

Assumpsit by Thomas Clark against S. P. Johnson, impleaded
with George P. Orr, lately trading as Hazeltine, Orr & Co., upon
a promissory note given by the firm.

A trial by jury was dispensed with, and the case submitted to
the court (Wetmore, P. J.,) who found the facts as follows:

The firm of Hazeltine, Orr & Co. consisted of Samuel P. John-
son and George P. Orr. Ezra Hazeltine had once been a member
of the firm, but had parted with his interest before the debt in suit
was contracted, and his name was retained after his actual inter-
est in the firm had ceased. The present firm was organized in
1871, and George P. Orr was the acting member. The business
was dealing in drugs, paints, oils, glass, &c., at retail. The firm
sometimes, according to the evidence of E. T. Hazeltine, sold
goods at wholesale. The claim in suit is for a note of $507.78,
dated Warren, Pennsylvania, January 1st 1877, due five months
from date at First National Bank, Warren, Pennsylvania, payable
to the order of plaintiff.

[Clark v. Johnson.]

The consideration for the note was cologne spirits, purchased as follows:

1875, February 11th, 1 barrel cologne spirits, 87 gallons
@ $1.15 . . . . . . . . $100.57
March 6th, 1 barrel cologne spirits, 85.5 gallons
@ $1.25, . . . . . . . 106.31
March 22d, 1 barrel cologne spirits, 87.88 gallons
@ $1.25, . . . . . . . 109.85
April 12th, 1 barrel cologne spirits, 85.90 gallons
@ $1.25, . . . . . . . 107.38
Interest, . . . . . . . . 83.73

$507.78

Between September 2d 1874, and February 17th 1875, inclusive, three barrels of alcohol had been purchased, and they were settled and a note given for the same, due February 4th 1876, which was paid. There had been dealings in the way of purchasing alcohol by the firm from plaintiff for years before George P. Orr became a member of the firm. The cologne spirits, the consideration for the note in suit, was not entered on the books of defendants in the usual way when they made purchases, and no entries were on the books of defendants indicating these purchases or the consideration paid therefor. The three barrels of alcohol were duly entered on defendants' books, and the payment of the note for the same closed the account between the parties as far as defendants' books disclosed the dealings between them. Cologne spirits was shown to be deodorized alcohol. Retail druggists keep it in small quantities, generally from one to five gallons. It is used for reducing extracts and manufacturing cologne, and defendants did not use over five gallons per year. Except the amount in suit, none was ever shown to have been bought by defendants from plaintiff.

George P. Orr had another place where he was carrying on business in the name of E. D. York & Co. The cologne spirits in suit went into that concern, and S. P. Johnson, the defendant, had no knowledge of the firm or business of E. D. York & Co., until after the transactions out of which the claim in suit was given.

The item March 6th 1875, for $106.31 was on a written order of Hazeltine, Orr & Co., signed by George P. Orr for the firm, dated Buffalo, New York, and directed the shipment of one barrel cologne spirits to E. D. York & Co., and bill to Hazeltine, Orr & Co.

The following were the court's conclusions of law from the foregoing statement of facts:

"1. The purchase by George P. Orr for defendants February 11th 1875, and March 22d and April 12th of same year, were

[Clark v. Johnson.]

within the scope of the business transacted by the firm in the usual course of dealing, and hence within the scope and power which one member had to bind the firm for the purchase of goods.

"2. The purchase made by George P. Orr in the name of the firm, March 6th 1875, directing the shipment to be made to E. D. York & Co., and the bill to be made to Hazeltine, Orr & Co., cannot be sustained as a valid claim against Hazeltine, Orr & Co.

"E. D. York & Co. was George P. Orr, and it was therefore a purchase on his own account, and the goods were delivered to him, and never came to possession of defendants.

"The transaction was out of the usual course of dealing between the parties, plaintiff and defendants, and the legal duty was in plaintiff to know to whom he was selling the goods. He could not sell and deliver goods to George P. Orr on his order and charge them to defendants; for the same reason he could not sell and deliver them to E. D. York & Co., which is another name for George P. Orr, and charge the amount to defendants.

"There is therefore deducted from the note the item of $106.31, dated March 6th 1875, with interest on the same as computed in the bill annexed to the plaintiff's depositions, and this leaves the balance of the note due at maturity $379.99, with interest on the same from June 4th 1877 (the date of the maturity of the note), to March 3d 1879.

"It is therefore ordered that judgment be entered in favor of plaintiff and against defendants for the sum of $419.88, with interest from March 3d 1879."

The plaintiff excepted to the findings of the court as follows:

1. In not granting the plaintiff's motion to strike out testimony and evidence. 2. In their findings of fact in considering the defendants' books of account as evidence, said books not being introduced to show any account, credit, or set off against the plaintiff, but merely the manner in which defendants kept their account with plaintiff for goods purchased of him. 4. In finding as a fact that the cologne spirits in suit went into the concern of E. D. York & Co., there being no evidence of that fact, except as to the item of March 6th 1878. 5. In their second conclusion of law, and in finding that the item of March 6th 1875, was not a valid claim against Hazeltine, Orr & Co., and that the transaction was out of the usual course of dealing, there being no evidence that the plaintiff ever knew that George P. Orr had any connection with E. D. York & Co. 6. In deducting anything from the amount of the note in suit.

The court overruled the exceptions, and entered judgment according to the decision previously filed. The plaintiff then took this writ and alleged, inter alia, that the court erred in overruling the above exceptions

[Clark v. Johnson.]

*Clark & Noyes*, for plaintiffs in error.—Unless the seller is guilty of collusion, a sale to one partner is a sale to the partnership, with whatever view the goods may be bought, and to whatever purpose they may be applied: Bond *v.* Jepherson, 1 Camp. 185. Had the defendants clearly established the fact, that as between Orr and Johnson there was fraud, yet the plaintiff must recover unless he participated in it, or had notice that it was intended: Potter *v.* Price, 3 Pitts. Rep. 136. Orr was the acting partner, buying and selling all the goods and transacting all the business of the firm, and these goods were undeniably purchased solely upon the firm's credit. Was there anything in the fact that the goods were ordered shipped to E. D. York & Co. to give notice of any intended fraud? If such a shipment was altogether unusual, and so inconsistent with honest dealing as to put the plaintiff upon inquiry as to which partner ordered the goods, and why they were to be sent elsewhere than to the defendants' store, surely it was incumbent upon the defendants to make this appear by evidence. But no evidence was offered from which any such inference can be drawn. Had the plaintiff known that Orr ordered the goods, and was a partner in both firms, he would not have been bound to suspect fraud: Haldeman *v.* Bank of Middletown, 4 Casey 440; Miller *v.* Consolidation Bank, 12 Wright 514.

*S. P. Johnson*, for defendant in error.—The circumstances were such as to create a suspicion and put a prudent man on inquiry. The plaintiff's acts and conduct warrant the inference that he knew the barrel of spirits was not in the line of the business, or for the use of Hazletine, Orr & Co.

Mr. Justice MERCUR delivered the opinion of the court, October 6th 1879.

This action was against Johnson & Orr, copartners, trading as Hazleton, Orr & Co. It was on a promissory note executed in the name of the firm, for merchandise bought of the plaintiff. The case was submitted to the decision of the court without the intervention of a jury. The court found as facts that the business of the defendants was dealing in drugs, paints, oils, glass, &c.; at retail; but sometimes they sold at wholesale; that the consideration of the note was four barrels of cologne spirits. Each was bought at a different time, but all within two months; they were bought by Orr, who was the acting member of the firm, in the name of the firm, and that the purchase of such spirits was within the general scope of the business in which the firm was engaged; that Orr was engaged in another place in business, in the same town, to which the second barrel was sent, and no entry was made on the books of defendants indicating the purchase thereof. The court, therefore, found as a conclusion of law, that the shipment

[Clark *v.* Johnson.]

of this barrel to E. D. York & Co., of which Johnson was not a
member and had no knowledge, created no valid claim against the
defendants. This conclusion presents the main question in the
case.

The only evidence bearing directly on the custom of this mode of
shipment is, that of A. Gerrould. He testified, it often happens that
goods are ordered by a customer before the order is sent by the dealer
to the seller, and they are often shipped directly to the customer.
Thus this evidence was to the effect that such a mode of shipment ·
was within the general custom of dealers in merchandise, and there
was no evidence to the contrary. We think this custom of so order-
ing goods shipped, is practised to some extent by all dealers in
merchandise. We, therefore, are unable to see that the mere fact
that one barrel was ordered to be shipped, and was shipped, to the
address of another firm in the same town, creates any presumption
that it was not sold in good faith to the defendants. It was not
calculated to excite the suspicion of a prudent vendor, nor suffi-
cient to put him on inquiry. The learned judge assumed as a fact,
that the order for the barrel in question was dated at Buffalo,
N. Y., whereas, in truth, instead of being so dated, it was addressed
to the plaintiff at Buffalo. This erroneous reading was caused by
reason of the order having been so attached to the depositions as
to cover the name of the plaintiff. The removal of the covering
removes all ground for the assumption. This corrected reading, as
shown on the face of the order, necessarily changes the conclusion
of law at which the court arrived. Without further discussion of
the assignments, all the other facts found show the learned judge
erred in not entering judgment in favor of the plaintiff, for the
whole amount of the note, with interest.

And now, to wit: October 6th 1879, judgment reversed
and judgment in favor of the plaintiff against the
defendant, for $579, and costs in the court below.